**Rickey C. ROCCIA, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 03–3010.

United States Court of Appeals, Federal Circuit.

DECIDED: June 9, 2003.

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Rickey C. Roccia ("Roccia" or "petitioner") petitions from the order of the Merit Systems Protection Board ("the Board"), rendering final the January 31, 2002, initial decision of the administrative judge. *Roccia v. Dep't of the Army*, No. DC–0752–00–0550–I–1, 93 M.S.P.R. 309 (M.S.P.B. Aug.14, 2002) (*Order*). The initial decision affirmed the Department of the Army's ("the Army" or "the agency") removal action against Roccia. *Roccia v. Dep't of the Army*, No. DC–0752–00–0550–I–1 (M.S.P.B. Jan.31, 2002) (*Initial Decision*). We *affirm*.

## BACKGROUND

Petitioner held the position of Supervisory Range Control Officer at Fort A.P. Hill ("Fort Hill"). Fort Hill is a training facility used by the military as a firing range. The grounds of the facility are separated into "impact areas" and "controlled access areas," both of which have specific limitations on access thereto. Petitioner, as Range Officer, had the authority "to determine which of the established controlled access area[s] where hunting is allowed were open on a given day." Access to impact areas, however, is limited to "mission essential activities" because of the dangers posed by unexploded ordinance. On two occasions, one in the autumn of 1998 and the other in the winter of 1999, petitioner organized deer hunting expeditions into Fort Hill impact areas. An investigation was conducted by the agency's military police to determine whether hunting violations had occurred. On April 13, 2000, following the investigation, the agency issued a Notice of Proposed Removal. The charges cited as supporting the removal were: misuse of government property; unacceptable behavior by a supervisor; dereliction of duties; and failure to observe written regulations, orders, rules, or procedures. Substantially all of these charges related to the two hunting incidents.

Petitioner appealed his removal to the Board. The administrative judge held a hearing. As analyzed by the administrative judge, the issue was "whether [the hunting] activity on what was clearly government property was, as the agency contends, in an unauthorized area, and whether appellant had the authority to allow himself and his employees to engage in a hunt in this area." *Initial Decision* at 3–4.

The administrative judge found that petitioner did not have the authority to hunt or allow others to hunt in impact areas, and therefore, sustained the charge of misuse of government property, *i.e.*, the impact areas. Upon these same facts, the administrative judge sustained the charge of unacceptable behavior by a supervisor for permitting employees under his charge to engage in the unauthorized hunting activity. The third charge, dereliction of duty, included four specifications, only two of which were sustained. The two specifications upon which the charge was sustained were that the petitioner was derelict by failing to uphold the hunting rules and regulations and by permitting subordinates to use government vehicles while hunting. Finally, the charge of failure to observe written regulations, orders, rules, or procedures was sustained based on peti-

tioner's having hunted without a Fort Hill hunting permit.

Having sustained the agency's charges (though not all of the specifications of those charges), the administrative judge proceeded to review the imposed penalty for reasonableness. The administrative judge found that the agency considered all relevant factors required under *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). *Initial Decision* at 13–14. As to petitioner's argument for mitigation based on his belief that he had authority to organize and conduct the hunting activity, the administrative judge found that "[petitioner] acted intentionally or in reckless disregard of the truth in proceeding with the two hunts." *Id.* at 13. The administrative judge concluded that the penalty of removal did not exceed the limits of reasonableness.

Petitioner sought review of the administrative judge's decision. The two Board members, unable to agree on the disposition of the petition for review, issued an order rendering the initial decision of the administrative judge the final decision of the Board. *See* 5 C.F.R. § 1200.3(b) (2002). Board Member Slavet wrote separately, urging that the penalty of removal "exceeds the tolerable limits of reasonableness." Petitioner timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Petitioner argues that he had apparent or actual authority to organize the hunts into the impact areas and that the decision was, therefore, not supported by substantial evidence or was not in accordance with law. Under the applicable Army regulations, however, petitioner was not so authorized. Section 5–11(d) of Army Regulation ("AR") 210–21 provides:

> *Outdoor recreational activities in temporary or permanent (dud-producing) contaminated impact areas are strictly prohibited, without exception. There will be no other hunting, fishing or other recreational activities in officially designated or marked impact areas.* The range, safety, and natural resource officers shall determine recreational use area boundaries adjacent to an impact area in accordance with ARs 385–63 and 200–3.

AR 210–21 § 5–11(d) (1997), *available at* http://www.usapa.army.mil/pdffiles/ r210_21.pdf (emphasis added). Further, section 5–7(b) provides that "[a]ccess to impact areas will be restricted to mission essential activities and coordinated with the controlling range office prior to entry." AR 210–21 § 5–7(b). The administrative judge found that petitioner's hunting activity was recreational rather than mission essential activity. *See Initial Decision* at 7. That finding is supported by substantial evidence. To be sure, the base commander had in the past approved hunting in impact areas, and stated that had petitioner requested permission for the hunt "I probably would have approved it." (Tr. at 142.) Even if we were to accept petitioner's contention that the base commander had authority to approve hunting in the impact areas, there is no claim here that the base commander had approved petitioner's activities at issue here.

Petitioner's final argument is that the decision of the Board was arbitrary and

capricious by sustaining the penalty of removal. Petitioner argues that the penalty should have been mitigated based on his reasonable belief that he had authority to conduct the hunts. The administrative judge found that petitioner "acted intentionally or in reckless disregard of the truth in proceeding with the two hunts." *Initial Decision* at 13. That finding is supported by substantial evidence.

Upon review of an agency determination, the Board "[is] not [to] disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all factors." *Lachance v. Devall,* 178 F.3d 1246, 1251 (Fed.Cir.1999) (internal citation omitted). The administrative judge analyzed the conduct and the severity of the penalty. *Initial Decision* at 13–14. Petitioner has not met his burden of showing that the decision to sustain the penalty was arbitrary or capricious. Accordingly, the decision of the Board is affirmed.

## COSTS

No Costs.